IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| MARIA DE LOS ANGELES MARTÍNEZ | * | CIVIL NO.: |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | |
| | * | |
| CORPORACION DEL CENTRO | * | |
| CARDIOVASCULAR DE PUERTO RICO | * | JURY TRIAL REQUESTED |
| Y DEL CARIBE | * | |
| | * | |
| Defendant | * | |

_____/

COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Plaintiff María de los Angeles Martínez (hereinafter "Martínez") through her undersigned attorney and respectfully States and Prays as follows:

**JURISDICTION**

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 USC Sections 2000e, *et. seq*; the Rehabilitation Act of 1973, 29 USC Section 791, *et. seq*; 29 CFR Section 1601, *et. seq.*, and under the Constitution of the United States of America.  The jurisdiction of this Honorable Court is invoked pursuant to Title 28 USC 1331, 1343 and the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

Plaintiff Martínez has satisfied all the procedural and administrative requirements set forth in the above mentioned laws and proper venue lies in this district.

# FACTUAL BACKGROUND

1. Plaintiff Martínez is a resident of the Commonwealth of Puerto Rico and is otherwise *sui juris*.

2. Defendant Corporación del Centro Cardiovascular de Puerto Rico y del Caribe (hereinafter "CCCPRC") at all times material hereto carried on a business venture in San Juan, Puerto Rico and was engaged in substantial activities in San Juan, Puerto Rico.

3. The acts or omissions giving rise to this complaint occurred in San Juan, Puerto Rico.

4. On January 27th, 2003, Plaintiff Martínez was employed as a surgical technician and she was assigned to work in the surgery room, with the basic salary of $2,112 per month.

5. At all times relevant, Plaintiff Martínez was employed by Defendant CCCPRC.

6. On November 17th, 2010, Plaintiff Martínez suffered a work-related accident, when she had an allergic reaction resulting from contact with the chemical components of the new sterile surgical scrubs that were to be worn by Defendant CCCPRC's surgical technicians that were assigned to the surgery room.

7. The allergic reaction was described by Plaintiff Martínez as intense itching in some parts of her body that was medically described as

contact dermatitic by the Dermatologist, Dr. Alfonso Casals.

8.  The above alleged injury required medical treatment, both past and future.

9.  After the work-related accident described above, Plaintiff Martínez reported her injury to Defendant CCCPRC through her supervisor and she requested being provided with medical treatment at the Corporación del Fondo del Seguro del Estado ("FSE").

10. After attempting to return to work, on September 9th, 2011, Plaintiff Martínez was then placed on leave from work by Defendant CCCPRC, after having been found allegedly cured and without any disability or allergic reactions.

11. On October 13th, 2011, Defendant CCCPRC's Department of Human Resources acknowledged that Plaintiff Martínez had presented itching skin rash on her arms, chest and face and that Plaintiff Martínez had to return to Corporación del Fondo del Seguro del Estado on March 25th, 2011 due to the presence of the same symptoms, until the employee was permanently discharged by FSE on September 8th, 2011.

12. Plaintiff Martínez has been on leave without pay from her work with Defendant CCCPRC since March 15th, 2012.

13. On March 20th, 2012, Defendant CCCPRC placed Plaintiff Martínez

again on leave without pay and referred Plaintiff Martínez to the FSE and to the Industrial Commission due to her work-related condition.

14. Since then, Plaintiff Martínez has not been able to return to work or to re-commence work with Defendant CCCPRC after she has been denied reasonable accommodation.

15. Being unable to return to work with Defendant CCCPRC, Plaintiff Martínez has had to perform temporary work elsewhere for short periods of time.

16. On April 12th, 2012, the Industrial Commission entered its ruling ordering the Administrator of Corporación del Fondo del Seguro del Estado to determine whether contact dermatitis is an allergic reaction and not a work-related accident.

17. On July 13th, 2012, the Industrial Commission entered a ruling finding that the dermatological condition that the Plaintiff Martínez had presented was a work-related accident.  On July 28th, 2012, Plaintiff Martínez filed her objection to the Industrial Commission's ruling.

18. On March 24th, 2015, Defendant CCCPRC sent a letter to EEOC in response to EEOC's Charge Number 515-2012-00609 disputing any findings of reasonable cause as to the claim of reference, but representing its willingness to cooperate and further pursue

conciliation efforts in her case and stating Defendant CCCPRC was seriously inclined to settle the case at that stage of the proceedings. Reference was made to EEOC's settlement recommendation for certain amounts of monies as joint redress of the damages suffered by Plaintiff Martínez as a charging party, including emotional distress, mental suffering, humiliation, loss of self esteem, embarrassment, depression, pain, suffering and loss of enjoyment of life.

19. On September 27th, 2016, Plaintiff Martínez received the EEOC's Notice of Right to Sue Letter within 90 days.  She was notified that the United States Department of Justice will not file suit on the referred Charge Number 505-2012-00609 charging discrimination without entry of judgment as to whether or not her case was meritorious. Plaintiff Martínez was notified of her right to institute a civil action under Title VII of the Civil Rights Act of 1964, 42 USC Section 2000e *et seq.* to be filed in the appropriate court within 90 days of her receipt of the notice.

20. On December 4th, 2012, Plaintiff Martínez was able to obtain a letter from Zaida Cancel Valentín, an union official of the Union General de Trabajadores ("UGT") addressed to Defendant CCCPRC Executive Director Javier Malavé requesting the opportunity to discuss her case to find reasonable accommodation.

21. On December 14th, 2012, Defendant CCCPRC's Department of Human Resources responded to Plaintiff Martínez request for reasonable accommodation and the response was in the negative, allegedly based on the argument that the available information is insufficient to provide reasonable accommodation and instructing Plaintiff Martínez to coordinate obtaining at her cost those allergy tests related to the determination of whether Plaintiff Martínez could continuous using the surgical scrubs while in the surgery room.

22. Plaintiff Martínez work prior to being placed on unpaid leave, was satisfactory and the sole apparent reason for denying reasonable accommodation to Plaintiff Martínez was because Plaintiff Martínez is a woman, since reasonable accommodation was provided to a fellow male employee who had also presented very similar allergic dermatological reactions to the same chemical components and the same surgical scrub.

23. Defendant CCCPRC's denial of reasonable accommodation to Plaintiff Martínez resulted from its discriminatory practices in violation of the American with Disabilities Act ("ADA") and its direct result has been that Plaintiff Martínez has been damaged, and has suffered lost wages and she has suffered emotional distress.

24. Plaintiff Martínez has been unable to find gainful employment since

the Defendant CCCPRC denied to her reasonable accommodation.

25. Defendant CCCPRC's conduct in the wrongful denial of accommodation to Plaintiff Martínez was willful, wanton and in reckless disregard of Plaintiff Martínez' rights and therefore, Plaintiff Martínez is entitled to an award for damages.

26. Plaintiff Martínez has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff Martínez has become obligated to pay the undersigned a reasonable attorney's fees.

## FIRST CAUSE OF ACTION

25. Plaintiff Martínez reiterates the allegations included in paragraphs 1 to 26 of this complaint.

26. Plaintiff Martínez has been subjected to discrimination because of her physical and medical handicap.

27. This discrimination has been an ongoing process, and commenced when Plaintiff Martínez was denied some reasonable accommodation. Defendant CCCPRC also incurred in discriminatory conduct against Plaintiff Martínez because she is a woman.

28. It is the policy of the Government of the United States that there be no discrimination in employment because of a physical or mental handicap of an employee or applicant.  29 C.F.R., Section 1613.701 and .703.  (Research of July 1, 1995).  Plaintiff Martínez satisfies the

EEOC regulations which define "Handicapped person". The general policy of the United States is plainly stated in Section 1613.703 of 29 CFR as follows: Employers shall give full consideration to the hiring, placement and advancement of qualified mentally and physically handicapped persons. An employer shall not discriminate against a qualified physically or mentally handicapped person.

29. Under Section 1613.704 of 29 CFR all employers are required to make reasonable accommodation to the known physical or mental limitations of qualified handicapped applicants or employees unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business.

30. Reasonable accommodation may include, but shall not be limited to: (1) Making facilities readily accessible to and usable by handicapped persons, and (2) job restructuring, part-time or modified work schedules, acquisition or modification of equipment or devices appropriate adjustment or modification of examinations, the provision of readers and interpreters, and other similar actions.

31. In determining whether an accommodation would impose an undue hardship on the operation of the employer in question, factors to be considered include: (1) the overall size of the employer and the number of employees, number and type of facilities and size of

budget; (2) the type of employer's operation, including the composition and structure of the employer's work force; and (3) the nature and the cost of the accommodation.  29 CFR, 1613.704.

32.    The dermatitic allergic reaction that Plaintiff Martínez has been suffering since 2010, as a result of a work injury, satisfies the requirements of 29 CFR, Section 1613.702 and she satisfies the requirements of 29 CFR Section 1316.701.  Her condition is disabling and may lead to permanent disability if no accommodation is given to the employee, Plaintiff Martínez.  However, with accommodation the employee can provide outstanding contributions to Defendant CCCPRC.

33.    Plaintiff Martínez is a handicapped person entitled to reasonable accommodation to perform as an employee of Defendant CCCPRC. Plaintiff has remained a qualified handicapped person who can perform, with reasonable accommodation, the essential duties of her position within the Defendant CCCPRC.

34.    No doctors in medicine for the Defendant CCCPRC have ever disagreed with what the medical doctors of Plaintiff Martínez have indicated about the seriousness of Plaintiff Martínez' medical condition.

35.    The conduct of Defendant CCCPRC as described above, with respect

to Plaintiff Martínez' requests for reasonable accommodation, are contrary to the Rehabilitation Act of 1973 and are no more than an effort to get rid of an employee that needs accommodation to perform effectively as an employee of Defendant CCCPRC.

36. The actions of Defendant CCCPRC with respect to Plaintiff Martínez' repeated requests for reasonable accommodation, represent a violation of 29 C.F.R., Section 1614.102 (8) which require employers to "make reasonable accommodation to the known physical or mental limitations of employees with handicap unless the accommodations would impose an undue hardship on the employers' operation of the employer's program".  It is also a violation of the Rehabilitation Act of 1973.

37. At no time Defendant CCCPRC has made any reasonable effort to accommodate Plaintiff Martínez for her physical handicap.  At no time Plaintiff Martínez was informed that the accommodation she required would impose an undue hardship on Defendant CCCPRC's operation.

38. In none of the letters by Defendant CCCPRC regarding Plaintiff Martínez repeated requests and demands for accommodation, is there any explanation that would show compliance with Section 1614.2003(c)(3) of 29 CFR.   There is no indication that to accommodate the requests of Plaintiff Martínez, the Employer would

have suffered any undue hardship on its operations because of:  a) the overall size of the Employer's programs, with respect to the numbers of employees, number and type of facilities and size of its budget; or b) the type of Employer's operation, including the composition and structure of its work force; and the nature and the cost of the accommodation.

39.   The attitude shown by Defendant CCCPRC's Department of Human Resources, exemplified by their oral statements and their letters in response to Plaintiff Martínez' efforts to obtain reasonable accommodation because of her handicap and because of her sex, as described in this complaint under General Facts, is contrary to 29 C.F.R., Section 1614.203 and the Rehabilitation Act of 1973.  The letters evidence their desire to discriminate against Plaintiff Martínez because of her handicap.

40.   Defendant CCCPRC could have given reasonable accommodation to Plaintiff Martínez if Defendant CCCPRC had wished to do so.  By refusing to offer Plaintiff Martínez a position she could work successfully in and by disregarding Plaintiff Martínez' medical condition, Defendant CCCPRC discriminated against Plaintiff Martínez.

41.   At no time were there any efforts by management to consider

reassigning Plaintiff Martínez, as contemplated by 29 C.F.R., Section 1614.203 (g). This section requires that where a non probationary employee becomes unable to perform the essential functions of her position, even with reasonable accommodation due to a handicap, an employer shall offer to reassign the individual to a vacant position in the same employment, at the same level or grade, the essential functions of which the individual would be able to perform, with reasonable accommodation if necessary.

42. Defendant CCCPRC violated the Rehabilitation Act and incurred in discriminatory conduct against Plaintiff Martínez every time it ignored Plaintiff Martínez's request of reasonable accommodation.

43. Plaintiff Martínez has suffered mental anguish, emotional pain and moral damages as a result the discriminatory conduct described above, which are estimated at $1,000,000.

44. Defendant CCCPRC's conduct has also caused financial damages to Plaintiff Martínez, travel expenses, medical treatment expenses and legal counsel expenses. All of these expenses are estimated at $40,000 at this time and they are expected to continue increasing.

45. Defendant CCCPRC' conduct has also caused loss of salaries to Plaintiff Martínez.

46. Plaintiff Martínez is entitled to be reinstated in her job.

## SECOND CAUSE OF ACTION

47.  Plaintiff Martínez re-alleges the allegations she has made under paragraphs 1 to 46 of this complaint.

48.  Plaintiff Martínez has been the victim of reprisals and retaliation for having exercised her rights to file EEOC charges and claims against Defendant CCCPRC.

49.  The steps taken by Defendant CCCPRC to prevent she be given reasonable accommodation, and to cause that she be dismissed from her employment are retaliatory efforts prohibited by law.

50.  The EEOC regulations prohibit an employer to take any action against an employee in retaliation for the exercise of her rights to file an EEOC complaint.

51.  Plaintiff Martínez has suffered mental anguish, emotional pain and moral damages as a result of the discriminatory conduct described above, which are estimated at $1,000,000.

52.  Defendant CCCPRC' conduct has also caused financial damages to Plaintiff Martínez travel expenses, medical treatment expenses and legal counsel expenses.   All of these expenses are estimated at $40,000 and they are expected to continue increasing.

53.  Defendant CCCPRC's conduct has also caused loss of salaries to Plaintiff Martínez.

54.    Plaintiff Martínez is entitled to be reinstated in her job.

## RELIEF

Upon due consideration of this case, Plaintiff Martínez seeks a Judgment requiring:

1. Compensatory damages in the amount described in each count.

2. Punitive damages as may be allowed by law.

3. Back pay since March, 2012 to the present.

4. Front pay in the amount entitled by law.

5. Reinstatement in her employment with reasonable accommodation for her dermatitis allergic reaction.

6. Attorneys' fees and costs.

7. Any other relief Plaintiff Martínez may be entitled to.

RESPECTFULLY REQUESTED.

In Miami, Florida, this 27th day of December, 2016.

s/FRANCISCO LOPEZ ROMO
USDC-PR 118314
P.O. Box 331823
Coconut Grove, Florida  33233
Telephone: 305-772-5577
Email: lopezromo@gmail.com